**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANI SITTOL, Individually and on Behalf of All Others Similarly Situated,<br><br>*Plaintiff*,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC.,<br><br>*Defendant*. | Case No. 2:25-cv-02124 |

# JOINT DISCOVERY PLAN

The parties met and conferred pursuant to Federal Rule of Civil Procedure 26(f) on July 25, 2025. David Sellinger and Jason Kislin attended on behalf of Defendant. Ryan Watstein, Keith Emanuel, Ashley Futrell Hinkson, and Audra DePaolo attended on behalf of Plaintiff. During the conference, the parties discussed the matters set forth in Fed. R. Civ. P. 26(f) and Local Rule 26.1, and jointly prepared this report, proposing the following:

**(a) Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a);**

**Plaintiff's position.**

Plaintiff proposes no changes to initial disclosure requirements.

**Defendant's position.**

The Court has just granted Defendant's request for leave to file a motion to stay discovery pending resolution of its motion to dismiss. Defendant will file its motion for a stay by August 22, 2025. Defendant submits that mandatory disclosures should be subject to the stay.

**(b) The date on which mandatory disclosures were or will be made;**

**<u>Plaintiff's position.</u>**

August 15, 2025.

**<u>Defendant's position.</u>**

Defendant submits that mandatory disclosures should be subject to the motion for stay and should be made 14 days after the resolution of the motion to dismiss (i.e., the date on which any of Plaintiff's claims may survive Rule 12(b) motion practice on the later of the pending complaint or any subsequent complaint that may be filed), if Defendant's motion to dismiss is granted; if it is not granted, mandatory disclosures should be made 14 days after the ruling denying said motion.

**(c) The anticipated scope of discovery, considering the proportionality factors set forth in Federal Rule of Civil Procedure 26(b)(1);**

**<u>Plaintiff's position</u>**.

Plaintiff anticipates serving written discovery concerning Plaintiff's claims and Avalon's defenses, including information related to the difference between rents offered to tenants during their initial lease term and those offered upon renewal. Plaintiff also anticipates taking depositions of Avalon and its employees regarding the assessment of the Renewal Premium, as alleged in the complaint.

**<u>Defendant's position</u>**.

Defendant submits that discovery should be limited to leasing practices at AvalonBay properties in New Jersey relating to the rent amounts advertised for new/prospective tenants for initial leases and rent amounts offered to existing tenants for renewal leases.

Defendant anticipates serving written discovery concerning Plaintiff's claims and AvalonBay's defenses, including information related to Plaintiff's experience and understanding regarding residential lease transactions, his leasing history with AvalonBay at Avalon Teaneck, his knowledge regarding rent amounts advertised or offered to other prospective and existing tenants at AvalonBay properties in New Jersey, and his knowledge of and efforts to familiarize himself with the rental market in or about Teaneck, New Jersey. Defendant also anticipates taking the depositions of Plaintiff and of other witnesses who may be identified in discovery. It is possible that AvalonBay may seek third-party discovery.

**Bifurcation**

**Plaintiff's Position:**

Plaintiff does not believe this case would benefit from any bifurcation of discovery.

**Defendant's Position:**

As indicated above and in section (e ) below, Defendant submits that discovery should be limited to leasing practices at AvalonBay properties in New Jersey. In the event that the Court denies Defendant's motion to dismiss the Out of State Claims for lack of standing, the Court should revisit the deadline for fact discovery regarding AvalonBay's leasing practices in the seven other states implicated by the Out of State Claims.

**(d) Whether any party will likely request or produce computer-based or other digital information, and if so, the parties' discussions of the issues listed under the Duty to Meet and Confer in L.Civ.R. 26.1(d)(3) below;**

Plaintiff will likely produce a small amount of electronically stored information (ESI). The parties anticipate that a substantial amount of Avalon's responsive documents will be in a computer-based or digital format. At the Rule 26(f) conference, Defendant disclosed that it has a litigation hold in place. Each party will bear its own costs of preservation.

Defendant also disclosed that its information systems for the basic rent amounts at issue in this case and emails preserve materials dating back to the beginning of the class period, and are not subject to any auto-deletion policies. Defendant relayed that its call center data does not retain records dating back to the beginning of the class period. Plaintiff submits that certain records may be retrievable through coordination with outside vendors. Plaintiff anticipates serving a subpoena to ensure these materials are not deleted. Defendant submits that it only has the call center data dating back to July 2024; that Defendant no longer has the data for the period December 2021 through June 2024 (although it is possible it has the data for June 2024); and that the data for the period prior to December 2021 is with a vendor whom Defendant no longer uses, cannot be recovered without considerable expense and time, and may not even be retrievable at all, and for those reasons is not reasonably accessible.

The parties intend to agree on an ESI protocol to facilitate the efficient identification and production of relevant and responsive documents. The parties intend to attempt to agree on search terms and key custodians whose ESI will be searched for relevant documents. Defendant intends to prepare an initial draft of an ESI protocol.

**(e) The date by which discovery should be completed;**

**Plaintiff's Position**:

April 25, 2026 (a nine-month period), or as later extended by the court or agreed to by the parties. Both parties agree that, depending on the outcomes of AvalonBay's motion to stay discovery and motion to dismiss, more time might be required.

**Defendant's Position**:

The period for fact discovery regarding AvalonBay's leasing practices in New Jersey should be nine months, or as later extended by the court or agreed to by the parties, and the fact discovery period should commence when the Court has resolved the pending motion to dismiss, as set forth above. Defendant agrees that if the Court denies Defendant's motion to dismiss the Out of State Claims based on lack of standing, the parties and the Court should revisit all proposed deadlines in this report, including the fact discovery cutoff, as additional time will be needed for discovery regarding AvalonBay's leasing practices in the seven other states implicated by the Out of State Claims.

**(f) Any needed changes in limitations imposed by the Federal Rules of Civil Procedure, local rule, or standing order;**

**Plaintiff's position.**

Plaintiff does not currently anticipate a need to deviate from the default discovery rules, but will move the Court after consultation with Defendant if that changes.

**Defendant's position.**

Defendant proposes that there should be a limit of ten depositions and 25 interrogatories per side, except upon application and for good cause shown, including but not limited to if third party depositions are necessary.

**(g) Any orders, such as data preservation orders, protective orders, or orders reflecting agreements under Federal Rule of Evidence 502, which should be entered;**

The parties anticipate submitting a mutually agreeable discovery confidentiality order that will include an agreement under Federal Rule of Evidence 502 (as specified in Local Rule 16.1), for the Court's consideration.

**(h) Proposed deadline for joining other parties and amending the pleadings;**

The parties propose four months from the Court's ruling on Avalon's request to stay discovery.

**(i) Proposed dates for filing motions and for trial, subject to later alteration by court order or agreement of the parties;**

Subject to the caveat above about more time being required depending on the outcome of the pending motions, the parties propose the following:

Submission of affirmative expert reports: One month after the close of fact discovery;

Submission of responding expert reports: Three months after the close of fact discovery;

Close of expert discovery: Four months after the close of fact discovery;

Motion for class certification deadline: 60 days after the close of expert discovery;

Opposition to Motion for class certification: 60 days after class certification motion filed. Defendant submits that in the event that Plaintiff files its motion before the expert discovery cut-off, Defendant should have 120 days within which to respond to complete any necessary class-related expert work.

Status conference: one week following ruling on class certification

Dispositive motion deadline:

- 30 days after the Court's ruling on a motion for class certification, if the motion is denied; or
- 30 days from the opt out deadline, if the motion is granted.

  Status Conference: one week following ruling on summary judgment

Trial: to be scheduled at the proposed case status conference following the Court's ruling on summary judgment.

**(j) Whether the case is one which might be resolved in whole or in part by voluntary arbitration (pursuant to L.Civ.R. 201.1 or otherwise), mediation (pursuant to L.Civ.R. 301.1 or otherwise), appointment of a special master or other special procedure.**

The parties do not believe that this matter can be resolved, in whole or in part, through alternative dispute resolution at this time.

/s/ *Matthew F. Gately*
Matthew F. Gately, Esq.
**COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP**
Park 80 West – Plaza One
350 Pehle Avenue, Suite 401
Saddle Brook, New Jersey 07663
mfg@njlawfirm.com

Ryan D. Watstein (*pro hac vice*)
E. Keith Emanuel (*pro hac vice*)
Ashley Futrell Hinkson (*pro hac vice*)
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Ste. 2600
Atlanta, Georgia 30309
ryan@wtlaw.com
kemanuel@wtlaw.com
afutrellhinkson@wtlaw.com

*Attorneys for Plaintiff*

/s/ *David E. Sellinger*
David E. Sellinger Esq.
Jason Kislin, Esq.
Jaclyn DeMais, Esq.
**GREENBERG TRAURIG, LLP**
500 Campus Drive, Suite 400
Florham Park, New Jersey 09732
sellingerd@gtlaw.com
kislinj@gtlaw.com
demaisj@gtlaw.com

*Attorneys for Defendant AvalonBay Communities, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 13, 2025, I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will effect service on all counsel of record.

*/s/Matthew F. Gately*