<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RANI SITTOL, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>AVALONBAY COMMUNITIES, INC.,<br><br>　　　　　　　　Defendant. | Case No. 2:25-cv-02124 (BRM) (JBC)<br><br>**MEMORANDUM OPINION AND ORDER** |

**MARTINOTTI, DISTRICT JUDGE**

　　　Before the Court is a letter from Plaintiff Rani Sittol ("Plaintiff") seeking clarification "on one discrete aspect of the Court's order and opinion on [Defendant's] motion to dismiss: whether the Court dismissed Plaintiff's common law claims (Counts XI and XII) to the extent they were asserted on behalf of a nationwide class." (ECF No. 48 at 1.) Defendant AvalonBay Communities, Inc. ("Defendant") submitted a letter response. (ECF No. 50.) Having reviewed and considered the parties' submissions, and having determined the parties' dispute may be addressed based on their respective letters without formal motion practice, for the reasons set forth below and for good cause having been shown, the Court's Opinion and Order on Defendant's Motion to Dismiss (ECF No. 45; ECF No. 46) shall be construed consistently with the below Memorandum Opinion and Order.

　　　Plaintiff filed a putative class action complaint on February 19, 2025. (ECF No.1, Ex. B.) Defendant filed a Notice of Removal on March 28, 2025. (ECF No. 1.) Defendant filed a Motion

to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on May 21, 2025.[1] (ECF No. 15.) Plaintiff, individually and on behalf of all others similarly situated, filed an Opposition on July 21, 2025. (ECF No. 19.) Defendant filed a Reply on August 11, 2025. (ECF No. 31.) The Court held oral argument on October 23, 2025. (ECF No. 44.) On October 31, 2025, this Court issued an Opinion (ECF No. 45) and Order (ECF No. 46) granting in part and denying in part Defendant's Motion to Dismiss. Plaintiff submitted a letter on November 14, 2025, seeking clarification of the Court's Opinion and Order. (ECF No. 48.) Defendant submitted a letter response on November 21, 2025. (ECF No. 50.)

Plaintiff "interprets the Court's opinion and order as not having dismissed any aspect of Counts XI [unjust enrichment] and XII [breach of the covenant of good faith and fair dealing] asserted by the nationwide class." (ECF No. 48 at 1.) Plaintiff asserts the Court's Order denied the Motion to Dismiss "'Plaintiff's claim for unjust enrichment' and 'Plaintiff's claim for breach of the covenant of good faith and fair dealing' without regard to which state's law such common law claims were asserted under." (*Id.* (quoting ECF No. 46 at 2).) Additionally, Plaintiff contends the Complaint includes one claim for unjust enrichment and one claim for breach of the covenant of good faith and fair dealing "on behalf of all class members nationwide, not 50 separate claims or 50 separate subclasses," which Plaintiff asserts is permitted under the reasoning in this Court's Opinion. (*Id.* at 2 (citing ECF No. 45 at 14–16).) Finally, Plaintiff argues his interpretation is supported by Third Circuit precedent and decisions from courts within this District. (*Id.* at 2–3.)

---

[1] Defendant's "Notice of Motion to Dismiss the Complaint" and Defendant's Proposed Order only reference Rule 12(b)(6). (ECF No. 15; ECF No. 15-3.) However, Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint is based on Rule 12(b)(1) as well as 12(b)(6). (ECF No. 15-1.)

2

Defendant responds this Court's Opinion and Order do not need clarification, "as both made clear that [Plaintiff] does not have standing to bring *any* out of state claims, including common law claims." (ECF No. 50 at 1 (emphasis in original).) Defendant asserts "[t]his Court clearly confined Plaintiff's claims to only those arising under New Jersey law." (*Id.*) Defendant provides case law from the Third Circuit and this District to support its position and argues the cases Plaintiff cites are "inapposite" and "further support [Defendant's] position." (*Id.* at 2–3.)

The Court finds its prior Opinion and Order held Plaintiff may only bring claims under the laws of the state in which he either resides or was injured—here, that is the same state, New Jersey. This limitation applies to all claims, including common law claims. As Defendant highlights, the first Ordered paragraph in the Court's Order granted Defendant's Motion to Dismiss for lack of standing "to the extent the claims are premised on state-law claims brought on behalf of putative class members *outside of the one state represented by Plaintiff*." (ECF No. 46 at 1 (emphasis added).) Likewise, in the Court's Opinion, the Court explicitly held "Plaintiff has not established standing to bring claims under laws other than the laws of New Jersey" and granted Defendant's Motion to Dismiss for lack of standing "to the extent it is premised on state-law claims brought on behalf of putative class members *outside of New Jersey*." (ECF No. 45 at 16 (emphasis added); *see also id.* at 14 ("Plaintiff has standing to assert violations of state laws only in the state where he suffered an alleged injury in fact—New Jersey."); *id.* at 16 n.9 ("[C]ounsel for Defendant agreed Plaintiff has standing to bring his own New Jersey claims as well as claims of putative class members in New Jersey.").) In fact, the Opinion specifically quoted a decision within the Third Circuit for the proposition "Plaintiffs lack standing to assert *unjust enrichment* claims under the *common law* of states in which Plaintiffs did not suffer an alleged injury." (ECF No. 45 at 15 (emphasis added) (quoting *Robinson v. GM LLC*, Civ. A. No. 20-663, 2021 WL 3036353, at *20

3

(D. Del. July 19, 2021), *adopted by* 2021 WL 7209365 (D. Del. Nov. 30, 2021)).).[2]

After ruling on Defendant's Motion to Dismiss for lack of standing, the Court's discussion of Defendant's Motion to Dismiss for Failure to State a Claim solely focused on New Jersey law. (ECF No. 45 at 16–29.) Indeed, the Court only analyzed New Jersey law with respect to each of Plaintiff's common law claims. (*See id.* at 23 ("The heightened pleading standard set forth in Rule 9(b) also applies to *New Jersey common law fraud claims*. . . . To state a claim for common law fraud *under New Jersey Law*, a plaintiff must allege . . . ." (emphasis added) (citation omitted)); *id.* at 24 (discussing when a duty to disclose arises "*under New Jersey law*" (emphasis added)); *id.* at 25 (discussing requirements "[t]o establish a claim of unjust enrichment *in New Jersey*" (emphasis added) (citation omitted)); *id.* at 27 ("*Pursuant to New Jersey law*, all contracts have an implied covenant of good faith and fair dealing . . . ." (emphasis added)).)

Plaintiff cites three Third Circuit decisions, which Plaintiff contends support his interpretation of this Court's Order. (ECF No. 48 at 2 (citing *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283 (3d Cir. 1998), *Neale v. Volvo Cars of N. Am., LLC*, 794 F.3d 353 (3d Cir. 2015), and *Mielo v. Steak'n Shake Ops., Inc.*, 897 F.3d 467 (3d Cir. 2018)).) However, the Court's Opinion considered and discussed *Neale* and *Mielo* in holding "Plaintiff has not established standing to bring claims under laws other than the laws of New Jersey." (ECF No.

---

[2] Moreover, Defendant specifically argued in its briefing regarding its Motion to Dismiss that both statutory *and* common law out-of-state claims must be dismissed. (ECF No. 15 at 12 n.9, 16 ("[T]he Out-of-State Claims also include the Common Law Claims, to the extent they are asserted under the laws of states other than New Jersey. . . . [T]he Out-of-State Claims should be dismissed in their entirety because Plaintiff lacks Article III standing to assert them."); ECF No. 31 at 3 ("Against the weight of this Court's own prior decisions, Plaintiff attempts to maintain standing to assert the Out-of-State Claims. Those attempts fail. Here, there is just one named Plaintiff, Dr. Sittol, who the Complaint alleges is a resident of New Jersey. Yet tacked onto the Complaint are statutory *and common law* claims from seven other states in which no named plaintiff resides." (emphasis added)).)

45 at 11–16). Indeed, in *Tijerina v. Volkswagen Group of America, Inc.*, this Court addressed a class action complaint bringing, in part, common law claims on behalf of a nationwide class. Case No. 2:21-cv-18755, 2023 WL 6890996, at *2 (D.N.J. Oct. 19, 2023). This Court held "Plaintiffs' nationwide claims are dismissed to the extent they are premised on state-law claims brought on behalf of putative class members outside of the eleven states represented by named Plaintiffs," explaining "[i]n neither *Mielo* nor *Neale* did the Third Circuit find named plaintiffs can assert claims on behalf of putative class members which the named plaintiffs themselves do not have standing to bring." *Id.* at *8, *8 n.2. Moreover, Plaintiff's assertion *Prudential* supports his interpretation is without merit. *See In re Insulin Pricing Litig.*, Civ. A. No. No. 3:17-cv-0699, 2019 WL 643709, at *17 (D.N.J. Feb. 15, 2019) (rejecting plaintiffs' argument "they do not need to claim an injury in each state to maintain standing" and finding "Plaintiffs' reliance on *Prudential* is inappropriate"); *see also Robinson*, 2021 WL 3036353, at *20, *20 n.47 (finding "Plaintiffs lack standing to assert unjust enrichment claims under the common law of states in which Plaintiffs did not suffer an alleged injury" despite Plaintiffs' reliance on *Prudential*).

Plaintiff also cites several district court decisions. (ECF No. 48 at 2–3.) Most of those decisions, however, Plaintiff previously raised in his Opposition (ECF No. 19 at 14–15), and this Court rejected Plaintiff's arguments based on those decisions. As this Court recognized in its Opinion, some courts have expanded *Neale* to permit named class representatives who would not traditionally have Article III standing to bring claims under the laws of states in which they neither reside nor were injured on behalf of unnamed, putative class members who may have standing, but neither the Supreme Court nor the Third Circuit have made such a leap, so this Court declined to do so as well. (ECF No. 45 n.8); *see also Tijerina*, 2023 WL 6890996, at *8 n.3; *Serrano v. Campbell Soup Co.*, 773 F. Supp. 3d 127, 148–49 (D.N.J. 2025) (Bumb, J.) ("This Court . . . joins

the many courts in this District that have dismissed state-law claims in putative class actions where the named plaintiff neither resided in that State nor suffered an injury there. . . . While some courts in the Third Circuit appear to have read *Neale* broadly . . . , this Court does not." (citation omitted)).

The two remaining district court decisions in Plaintiff's letter do not support Plaintiff's position. First, *Louisiana Health Service & Indemnity Co. v. Janssen Biotech, Inc.*, Civ. No. 19-cv-14146, 2021 WL 4988523 (D.N.J. Oct. 27, 2021) is simply another example of a case subscribing to the view on standing this Court rejected. Second, in *In re Insulin Pricing Litigation*, the plaintiffs "concede[d] that the Complaint include[d] several counts for which it lack[ed] a named plaintiff residing in, or claiming injury in, such state" but instead argued "they do not need to claim an injury in each state to maintain standing." 2019 WL 643709, at *17. This Court rejected the plaintiffs' argument and found "Plaintiffs' reliance on *Prudential* [was] inappropriate." *Id.*

In sum, the Court finds its prior Opinion and Order to be clear, and the Court is not persuaded by Plaintiff's case law, most of which is merely resurfaced from previously addressed briefing. Accordingly,

**IT IS** on this 15th day of December 2025,

**ORDERED** that the Court's prior Opinion (ECF No. 45) and Order (ECF No. 46) granting in part and denying in part Defendant's Motion to Dismiss shall be construed in accordance with the above Memorandum Opinion.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**